IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

In re:   BOBBY K. BARNETT                                                    No. 3:22MC9-MPM-DAS

ORDER DISMISSING CASE

This matter comes before the court, *sua sponte*, for consideration of dismissal of this cause.  Bobby K. Barnett has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.  He was convicted for murder and felon in possession of a firearm in Pike County, Mississippi, on June 14, 1995.  He has challenged his murder conviction through a *habeas corpus* petition under § 2254 many times, as the Fifth Circuit Court of Appeals has noted.  *See In re:  Barnett*, No. 13-60842 at 2 (5th Cir. Feb. 20, 2014).  The Fifth Circuit has sanctioned Barnett for repeatedly challenging the same conviction, ordering:

> that Barnett pay a sanction in the amount of $100 to the clerk of this court. Barnett is BARRED from filing in this court or any other court subject to this court's jurisdiction any challenge to his [1995] murder conviction and life sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such a challenge.

*Id*.  Staff with the Fifth Circuit Court of Appeals have informed this court that Barnett has accumulated more sanctions for this behavior, which now total $300.

Under the Fifth Circuit's sanctions order, this court will not file Barnett's pleading as a petition for a writ of *habeas corpus*; instead the court has docketed the pleading as a Miscellaneous Case.  However, as the pleading clearly challenges Barnett's convictions for murder and felon in possession of a firearm, it is, substantively, a successive petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and, as discussed below, this court does not have jurisdiction to hear the matter.

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The petitioner has not obtained such an order, and the court will dismiss the petition for want of subject matter jurisdiction.

Therefore, it is **ORDERED** that the instant petition is **DISMISSED** under the Fifth Circuit's sanctions order in *In re: Barnett*, No. 13-60842; the petition is also **DISMISSED** for want of subject matter jurisdiction, as it is successive. This case is **CLOSED.**

**SO ORDERED**, this, the 4th day of August, 2022.

/s/ Michael P. Mills
U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI